WIGGINTON, Judge.
Appellants, employer/carrier, appeal the judge of compensation claims’ order find *419 ing appellee’s injury compensable and awarding temporary total disability benefits. We affirm.
On the morning of March 11,1988, appel-lee, a sewing machine operator, telephoned her employer to report that she was unable to come to work that day due to car trouble. Her employer then directed another employee, Elizabeth Morales, who had already clocked into work, to drive out to appellee's home in order to transport her to work. When Morales arrived at appellee’s home, her car rolled into a ditch. Appellee injured her back when she attempted to push the car out of the ditch.
Employer/carrier denied compensability of the accident on the theory that the accident did not occur in the course and scope of appellee’s employment. The judge determined that the accident was compensa-ble since appellee was in the process of assisting a coemployee who was performing a task at the employer’s direction.
As stated in Larson, The Law of Workmen’s Compensation, s. 27.00 (1985):
An act outside an employee’s regular duties which is undertaken in good faith to advance the employer’s interests, whether or not the employee’s own assigned work is thereby furthered, is within the course of employment.
Competent substantial evidence supports the judge’s determination that appellee was providing reasonable aid to a coemployee who was engaged in the performance of work for the employer, thereby furthering the employer’s interest. Under the facts of this case, we agree with the judge’s finding of compensability and uphold his order.
AFFIRMED.
SMITH and WENTWORTH, JJ., concur.